### JACOBS et al. v. GREAT ATLANTIC & PACIFIC TEA CO.

### No. 2317.

District Court, W. D. Pennsylvania.

Nov. 8, 1944.

H. Russell Stahlman, of Charleroi, Pa., for plaintiffs.

Robert D. Dalzell and Dalzell, McFall & Pringle, all of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

In this personal-injury case, plaintiffs have filed motions for a new trial as the result of a verdict in favor of Oliver H. Jacobs in the sum of $500, and in favor of Elsie Jacobs in the sum of $100. However, at the argument for a new trial, plaintiffs pressed only the motion so far as concerns the plaintiff Elsie Jacobs.

The facts are briefly these: The two plaintiffs, husband and wife, were customers in the food market in Charleroi, Pennsylvania, owned and operated by the defendant. It is what is known as a "self-service store". The plaintiffs selected from the shelves of the defendant's store a large number of purchases, placed them in a basket in a carrier furnished by the store, which they wheeled to the cashier's desk. On top of the basket containing the purchases selected was a bottle of "chlorox". When they arrived at the cashier's desk, the cashier reached across the counter, taking hold of the basket so that he could count the purchases, in the course of which lifting the basket struck the counter and tilted. The result was that the bottle of "chlorox" fell to the floor, broke, and its contents splashed upon the feet and legs of Mrs. Jacobs, causing personal injuries on account of which this suit was brought.

In our opinion, the verdict in favor of Elsie Jacobs is not so clearly inadequate that we should grant a new trial as to her. The injuries she complained of were: swelling, tenderness and burning feet; extreme nervousness; infrequent and irregular menstruation; nervous spells; urticarial rash all over the body and legs; dizziness; palpitation of the heart; indigestion; vomiting; hot and cold nervous flashes; headaches; pain at the base of the brain and back of the neck; burning and itching of the feet; inability to endure noise; and sleeplessness. However, the extent of the ills and suffering of this plaintiff were entirely for the jury. And the jury, in making the award, might have thought that this plaintiff was exaggerating in the extent of her injuries.

We therefore deny the plaintiffs' motion for a new trial.